IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LFP Internet Group, LLC<br>A DELEWARE COMPANY,<br>　　　　　PLAINTIFF, | §<br>§<br>§<br>§ | |
| VS. | §<br>§ | |
| DOES 1 – 3,120 | §<br>§ | C.A. NO.: 3:10-cv+02095-M |
| 　　　　DEFENDANTS. | §<br>§ | |

## DOE 2276'S OBJECTION/MOTION TO QUASH SUBPOENA

### I.

### Background Facts

Doe 2276, by counsel, pursuant to the Rule 45 (c)(3) of the Federal Rules of Civil Procedure, respectfully moves to this Court to quash the subpoena issued upon Charter Communications, Inc. to produce documents related to Doe 2276's (IP 96.41.49.51) Charter Communications, Inc. account.

Doe 2276 is one of 3,120 anonymous internet users that LFP Internet Group, LLC, ("LFP") seeks to sue on the basis of a claim that he/she "participated, via the internet, in the unlawful reproduction and distribution of Plaintiff's copyrighted motion picture, 'This Ain't Avatar XXX'." "Defendants each then obtained a reference file for Plaintiffs' motion picture from the video index..." Upon information and belief, Doe 2276 believes that LFP has served Charter Communications, Inc. with a subpoena duces tecum requiring Charter Communications, Inc. to produce documents related to Doe 2276's Charter Communications, Inc. account. As a person affected by the discovery request made the subject of the subpoena served on Charter

Communications, Inc., Doe 2276 files this Motion to Quash prohibiting disclosure of his identity.

## II.

LFP is not entitled to subpoena Charter Communications, Inc. in order to uncover the identity of Doe 2276 because it has failed to offer any justification for denying Doe 2276's rights to anonymous speech. Doe 2276 is entitled to have the subpoena quashed as to him under FRCP 45(c)(3)(ii) and (iv) as set out below.

### A.    Doe 2276 is Entitled to Constitutional Rights to Anonymous Speech.

The First Amendment protects the right to speak anonymously. *See McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 341-342 (1995) ("[A]n author's decision to remain anonymous...is an aspect of the freedom of speech protected by the First Amendment."). *See also State v. Doe*, 61 S.W.3d 99 (Tex.App.–Dallas 2001, *pet. granted*) ("Freedom of speech includes the right to engage in the dissemination of ideas without being publicly identified."). The Supreme Court has recognized that First Amendment protection applies to free speech on the Internet. *See Reno v. American Civil Liberties Union*, 521 U.S. 844 (1997) ("Though the use of [Internet] chat rooms, any person with a phone line can become a town crier with a voice that resonates farther than it could from any soapbox. ... [O]ur cases provide no basis for qualifying the level of First Amendment scrutiny that should be applied to this medium [the Internet].").

Courts have upheld the right to anonymous speech via the Internet, and have required a party seeking to pierce a writer's anonymity to demonstrate the substance of their claim before allowing such discovery. *See Dendrite Int'l, Inc. v. Seescandy.com.com*, 185 F.R.D. 573,578 (N.D. Cal. 1999) ("People who have committed no wrong should be able to participate online

without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discovery their identity."); *In re Subpoena Duces Tecum to America Online, Inc.* 52 Va. Cir. 26 (Va. Cir. Ct. 2000) ("[B]efore a court abridges the First Amendment right to communicate anonymously over the Internet, a showing, sufficient to enable that court to determine that a true, rather than perceived, cause of action may exist, must be made.").

The *Dendrite* case is especially illustrative.[1] There, like here, the requesting party sought to subpoena from Charter Communications, Inc. the identity of four anonymous contributors to message boards regarding a publicly traded company.

In *Dendrite* the court held that some form of application is made to identify an anonymous poster, the Plaintiff must undertake efforts to notify the anonymous poster that he is the subject of a subpoena or an application for an order of disclosure, and withhold action to afford the defendant a reasonable opportunity to file opposing pleadings to the application or subpoena, which should include posting a message of notification of the identity discovery request to the anonymous user, in this case on the Charter Communications, Inc. Finance message board. Upon information and belief, Movant believes that no such effort has been made by Affiliate in this case.

The court in *Dendrite* also held that the Plaintiff must identify and set forth the exact statements purportedly made by each anonymous poster that the Plaintiff alleges is actionable speech. This is also a requirement in order to prove Affiliates' cause of action for business disparagement. The Plaintiff must identify in its pleadings the specific words or statements it

---

contends were made by the defendant. *Granada Bio-Sciences, Inc. V. Barrett*, 958 S.W.2d 215, 222 (Tex. App. - Amarillo 1997). Plaintiff's petition is deficient in this regard as the allegations contained therein do not identify any specific disparaging words or statements made by John Doe. The *Dendrite* court adopted a four-prong test designed to serve as a flexible, nontechnical, fact-sensitive mechanism to ensure that plaintiffs do not use discovery procedures to ascertain the identities of unknown defendants in order to harass, intimidate or silence critics in the public forum of the Internet.[2] 775 A.2d at 770-71. The third – and most important – prong of this test requires the requesting party to establish to the court's satisfaction that an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing the identity of the person who committed the act. *Id.* at 770. *Dendrite* directed courts to strike a balance between a plaintiff's right to protect its legal interests and the anonymous party's "well-established First Amendment right to speak anonymously...." *Id.* at 760. The approach of the *Dendrite* court is well reasoned, and should be adopted here. Under the *Dendrite* analysis, LFP has wholly failed to satisfy the third prong: LFP's Petition contains no specific allegations and offers no set of facts that would support any cause of action against this particular defendant.

Further, LFP's Petition is directed at Charter Communications, Inc. Inc., a corporation with its headquarters in Sunnyvale, California, and Terms of Service establishing the relationship between Charter Communications, Inc. and its message board contributors - -

---

[2]This test was originally set forth by the U.S. District Court for the Northern District of California as a means to protect "the legitimate and valuable right to participate in online forums anonymously or pseudonymously." *See Columbia Ins. Co. v. Seescandy.com.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999). The four prongs are, essentially: (1) identify the anonymous party with specificity; (2) identify previous steps taken to locate the anonymous party; (3) establish to the court's satisfaction that the claims against the anonymous party are viable causes of action under the facts; and (4) file a sufficiently justified request for discovery. *Seescandy.com.com*, 185 F.R.D. 578-580

including the contractual privacy rights guaranteed to contributors - - is governed by California law. Thus, under the conflict of laws analysis, California law governs this dispute. *See Guiterrez v. Collins*, 583 S.W.2d 312,318 (Tex.1979) (establishing the "most significant relationship test" for conflicts of law issues.). California law would require LFP to satisfy the same four-part test adopted in *Dendrite* before allowing discovery of John Doe's identity. *See Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999). As explained above, LFP's vague accusation that John Doe posted "negative messages" cannot satisfy the third prong of this analysis.

### B. Mis- Joinder

1. Federal Rule 20(a)(2) of Civil Procedure allows a plaintiff to join multiple defendants into one action if:

   (A) any right to relief is asserted them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

   (B) any question of law or fact common to all defendants will arise in the action.

To remedy improperly joined parties, the court should not dismiss the action outright, but "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The court may act upon motion by a party or *sua sponte*. Id.

### 2. Analysis

The plaintiff has failed to show that the copyright infringement claims against Doe 2276 and the other Does defendants arise out of the same transaction, occurrence, or series of transactions or occurrences. This Court agrees.

In its Complaint, the plaintiff appears to allege that joinder is based upon the Does' use of some of the ISPs and some of the same peer-to-peer ("P2P") networks to infringe the same

copyright. (See [Doc. 1] at ¶ 4). "However, merely committing the same type of violation in the same way does not link defendants together for purposes of joinder." **Laface Records, LLC. V. Does 1-28**, 2008 WL 544992, *2 (E.D. N.C. Feb. 27, 2008).

Moreover, several courts agreed that where there is no allegation that multiple defendants have acted in concert, joinder is improper. See **BMG Musica v. Does 1-4**, 2006 U.S. Dist. LEXIS 53237, *5-6 (N.D. Cal. July 31, 2006) (*sua sponte* severing multiple defendant in action where only connection between them was allegation they used some ISP to conduct copyright infringement); **Interscope Records v. Does 1-25**, 2004 U.S. Dist. LEXIS 27782, *19 (M.D. Fla. Apr. 1, 2004 (magistrate judge recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement). Accordingly, the defendants' alleged use of some of the ISP's and P2P networks to commit copyright infringement is, without more, insufficient for permissive joinder under Rule 20.[1]

Further evidence of misjoinder is in the undeniable fact that each defendant will also likely have a different defense. One district court finding improper joinder explained it this way:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed on Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, or the royalties they are rightly owed.

**BMG Music v. Does 1-203**, 2004 WL 953888, *1 (E.D. Pa. Apr. 2, 2004).

**THEREFORE,** the Court should sever Doe 2276 from the claim against Doe 1 and quash the subpoena to Doe 2276 as the US District Court for the Northern District of West Virginia did in *Third World Media, LLC v. Does 1-1243* attached hereto as Exhibit "1".

---

[1] In fact, in this case the plaintiff alleges that nineteen (19) ISPs were used. [See Doc. 1-1]. This allegation makes the propriety of joinder even more tenious.

Respectfully submitted,

The Law Office of Kent F. Brooks
*Attorneys and Counselors*


8117 Preston Road
Suite 300
(214) 706-9151 Telephone
(214) 706-9152 Facsimile

By:  /s/ Kent F. Brooks
    KENT F. BROOKS
    State Bar No. 03070710

Case 3:10-cv-02095-M   Document 24   Filed 01/10/11   Page 8 of 12   PageID 152

Case 3:10-cv-00090-JPB -JES   Document 66   Filed 12/16/10   Page 1 of 5   PageID #: 1001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**THIRD WORLD MEDIA, LLC,**

    Plaintiff,

v.                                         CIVIL ACTION NO. 3:10-CV-90
                                               (BAILEY)

**DOES 1- 1,243,**

    Defendants.

## ORDER

Currently pending before the Court is John Doe's Motion to Dismiss [Doc. 59], filed under seal on December 13, 2010. This Court, having reviewed the motion and record, finds that John Doe's motion should be **DENIED**. However, for the reasons outlined below, the Court finds that all defendants except Doe 1 should be **SEVERED** from this action.

## BACKGROUND

Plaintiff Third World Media, LLC is the alleged owner of the copyright of the hardcore pornographic film "Tokyo Teens." The plaintiff brought this suit for copyright infringement against John Does 1- 1,243, individuals who allegedly illegally downloaded and distributed "Tokyo Teens." When the suit was filed, the plaintiff did not know the names of the alleged infringers, but had identified the Internet Protocol ("IP) addresses of the computers associated with the infringement. To discover the actual names of the Doe defendants in this case, the plaintiff subpoenaed the Internet Service Providers ("ISPs") who provide service to the identified IP addresses, and the ISPs gave notice to their customers of the

1



subpoena. Upon receiving notice of the subpoena served on his ISP, John Doe moved to dismiss the claims against him for, *inter alia*, improper joinder.

## DISCUSSION

### I. Applicable Joinder

Federal Rule 20(a)(2) of Civil Procedure allows a plaintiff to join multiple defendants in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

To remedy improperly joined parties, the court should not dismiss the action outright, but "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The court may act upon motion by a party or *sua sponte*. Id.

### II. Analysis

John Doe argues that the plaintiff has failed to show that the copyright infringement claims against him and the other Doe defendants arise out of the same transaction, occurrence, or series of transactions or occurrences. This Court agrees.

In its Complaint, the plaintiff appears to allege that joinder is based upon the Does' use of some of the same ISPs and some of the same peer-to-peer ("P2P") networks to infringe the same copyright. (See [Doc. 1] at ¶¶ 3-5). "However, merely committing the same type of violation in the same way does not link defendants together for purposes of joinder." ***Laface Records, LLC, v. Does 1-38***, 2008 WL 544992, *2 (E.D. N.C. Feb. 27, 2008).

Moreover, several courts agree that where there is no allegation that multiple defendants have acted in concert, joinder is improper. See **BMG Music v. Does 1-4**, 2006 U.S. Dist. LEXIS 53237, *5-6 (N.D. Cal. July 31, 2006) (*sua sponte* severing multiple defendant in action where only connection between them was allegation they used same ISP to conduct copyright infringement); **Interscope Records v. Does 1-25**, 2004 U.S. Dist. LEXIS 27782, *19 (M.D. Fla. Apr. 1, 2004 (magistrate judge recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement). Accordingly, this Court finds that the defendants' alleged use of some of the same ISPs and P2P networks to commit copyright infringement is, without more, insufficient for permissive joinder under Rule 20.[1]

Further evidence of misjoinder is found in the undeniable fact that each defendant will also likely have a different defense. One district court finding improper joinder explained it this way:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed.

**BMG Music v. Does 1-203**, 2004 WL 953888, *1 (E.D. Pa. Apr. 2, 2004).

For this reason also, the Court finds joinder in this case improper. However, insofar as Rule 21 states that misjoinder of parties is not a ground for dismissing an action, this

---

[1] In fact, in this case the plaintiff alleges that nineteen (19) ISPs were used. (See [Doc. 1-1]. This allegation makes the propriety of joinder even more tenuous.

3

Court hereby **DENIES** John Doe's motion to dismiss. Instead, following Rule 21, this Court chooses the route of severance. In fact, this Court will sever not only the moving John Doe from this action, but all other Doe defendants except Doe 1. See **BMG Music v. Does 1-203**, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004) (upon motion for reconsideration, court upheld its *sua sponte* order of severance of all but one Doe defendant). Because all claims except Doe 1, whose ISP is AT&T WorldNet Services, will be severed from this action, the subpoenas served in this action pertaining to any other Doe defendant are no longer valid.

### CONCLUSION

For the foregoing reasons, the Court finds that:

1. John Doe's Motion to Dismiss **[Doc. 59]** is hereby **DENIED**;

2. All defendants except Doe 1 are hereby **SEVERED** from this action;

3. The subpoenas served on AT&T WorldNet Services, Bresnan Communications, Charter Communications, Clearwire Corporation, Comcast Cable, Cox Communications, EarthLink, Frontier Communications, Insight Communications Company, Optimum Online, Qwest Communications, RCN Corporation, Road Runner, Road Runner Business, Sprint, Sprint PCS, Verizon Internet Services, WideOpenWest, and Windstream Communications in this action are hereby **QUASHED** as to the severed defendants, Does 2- 1,243. In this regard, the plaintiff **SHALL NOTIFY** the recipients of these subpoenas that said subpoenas have been quashed.

4. Plaintiff Third World Media, LLC **MAY**, within thirty (30) days, file individual amended

complaints[2] and submit filing fees for those defendants against whom they wish to proceed;

5. Upon election to proceed, Plaintiff's Counsel **SHALL SUBMIT** to the Clerk of the Court filing fees for each of the amended complaints against John Does 2- 1,243, which cases shall be assigned separate civil action numbers;

6. Civil Action No. 3:10-CV-90 **SHALL BE** assigned to John Doe No. 1 as an individual defendant. The actions against all other defendants will be deemed to have been filed as of September 24, 2010, the date of the filing of the original Complaint; and

7. All pending motions **[Docs. 8, 9, 34, 35, 58, 60, & 61]**, as well as any filings that can be construed as motions, in Civil Action No. 3:10-CV-90 are hereby **DENIED AS MOOT**. In this regard, the Court also **DECLINES TO ADOPT AS MOOT** the magistrate judge's Report and Recommendation **[Doc. 52]**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record and mail a certified copy to each interested party of record.

**DATED:** December 16, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

---

[2]These amended complaints shall proceed only against Does with IP addresses of computers located within the State of West Virginia. According to testimony presented to the Court, there is a publicly-available website that allows the plaintiff to determine the physical location of each Doe's computer at the time of the alleged copyright infringements. Specifically, Craig Goldberg, who supervises Time Warner Cable, Inc.'s subpoena compliance team, testified that the physical location of any IP address can be determined from a simple Google search. (Nov. 30, 2010, Hearing Transcript, at 21-26). Moreover, it appears to the Court that the search for Does from West Virginia can be narrowed by eliminating the Does with ISPs that do not provide internet service within the State.