IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LFP INTERNET GROUP, L.L.C., | § | |
| A Delaware Company, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | Civil Action No. 3:10-CV-02095-M |
| | § | |
| DOES 1-3, 120, et al., | § | |
| | § | |
| Defendants. | § | |

DOE 2276'S REPLY TO PLAINTIFF'S OPPOSITION
TO DOE 2276'S OBJECTION/MOTION TO QUASH

I. **Exhibits.** The following Exhibits are attached to this Reply:

    A.  Exhibit 1- Subpoena

    B.  Exhibit 2- Declaration of Walt Jaeger

    C.  Exhibit 3- Orders of the United States District Court for the Western District of Texas

II. **Summary of Reply Argument.** The Motion to Quash should be granted because even applying the test proposed by Plaintiff, Plaintiff's Complaint and all other matter that can be considered by the Court fail to establish that Plaintiff's allegations relating to Copyright infringement trump Doe 2276's qualified First Amendment anonymity right and interest. The Court should either sever or dismiss Doe 2276 and all Does other than Doe 1 because Plaintiff's claims against the 3,120 Does do not satisfy the requirement for joinder under Fed. Rule Civ. P. 20(a). Due to the severance or dismissal, the Subpoena should be quashed as to Doe 2276.

III. **First Amendment Issue**. Even using the test first set forth in *Sony Music Entertainment, Inc.*

*v. Does 1-40,* 326 F. Supp. 2d 556 (S.D.N.Y.2004) that Plaintiff suggests, Plaintiff's subpoena should be quashed. The concreteness of the plaintiff's showing of a prima facie claim of actionable harm has not been established. *Sony Music*, 326 F. Supp 2d at 564-65. Plaintiff's Complaint states that it is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, et seq. However, the Complaint states that Plaintiff is "the copyright owner of the picture in question and has duly applied for registration of the work with the United States Copyright Office." The Complaint asserts that it is based upon the fact that each defendant had participated in the reproduction and distribution of Plaintiff's copyrighted movie. The Complaint was filed on October 17, 2010. Exhibit 1 to the Complaint is alleged to be a list of all 3,120 Doe defendants containing a date and time for each Doe that is alleged to be when that Doe engaged in an infringement of the copyright. Does 2276 is listed with a date and time on October 9, 2010.

For Doe 2276 (and the vast majority of the other Does), the listed date preceded the date of the filing of the Complaint. The allegation on October 17, 2010 of having applied for registration for a copyright of the movie does not establish the registration that is a prerequisite to the remedies that Plaintiff has sought under 17 U.S.C. §§ 504 and 505. See 17 U.S.C.§ 419. Even the allegation on October 17, 2010 that Plaintiff is the copyright owner does not establish that Plaintiff was the copyright owner or had the rights of a copyright owner on October 9, 2010. *Id.* There are no allegations that would establish that the prerequisites to recovery of the statutory damages and fees sought in the Complaint had occurred. Hence, there is a lack of concreteness to the claim of harm of copyright infringement. Therefore, the motion to quash should be granted on that basis.

**DOE 2276'S REPLY TO PLAINTIFF'S OPPOSITION**
**TO DOE 2276'S OBJECTION/MOTION TO QUASH**                                                        -2-

Also, Plaintiff relies in large part on the holding in *Arista Records LLC v. Doe*, 604 F.3d 110 (2nd Cir. 2010) concerning the allegation of copyright infringement versus the qualified First Amendment right of anonymity analysis. In *Arista*, the filings in the district court included a declaration in support of the allegations. *Arista Records LLC*, at 113. There was a declaration filed by Plaintiff in support of the Motion for Leave to Take Discovery. This declaration [Doc.#5-2]contains no statement concerning the copyright registration issues that would satisfy 17 U.S.C. § 419. The Court in *Arista Records LLC* noted, but did not decide, the issue of whether without a declaration on all relevant issues to an infringement claim a plaintiff could satisfy the test to overcome the qualified First Amendment right of anonymity. *Arista Records LLC*, at 123. It is Doe 2276's position that a declaration addressing the copyright registration issue, at least in this case where the Complaint asserts mere application for registration and the date of infringement for Doe 2276 predates the filing of the Complaint, would be necessary to establish the concreteness of the infringement claim.

IV. **Joinder.** Doe 2276 has provided the Court with the declaration of Walt Jaeger, attached hereto as Exhibit 2 to this reply, to address and substantiate the joinder argument.

**What is at stake when Fed. R. Civ. P. 20 is not properly applied?** According to the United States District Courts for the Western District of Texas the improper joinder of multiple Does in a case causes "a considerable loss of revenue to the public coffers." See Exhibit 3, General Order in *In re: Cases Filed by Recording Companies*. Other Courts have also shown awareness of the financial realities of these multiple defendant cases. *See Arista Records LLC v. Does 1-11*, No. 1:07-CV-2828, 2008 U.S.Dist. LEXIS 90183, *16-17 (E.D.Ohio Nov. 3, 2008)(complied cases).

**DOE 2276'S REPLY TO PLAINTIFF'S OPPOSITION
TO DOE 2276'S OBJECTION/MOTION TO QUASH**                                                                -3-

With 3,120 Does in this case, improper joinder deprives the public coffers of 3,119 filing fees of $350.00. That is $1,091,650 in this case alone. Plaintiff has stated in its opposition that it has filed two (2) other suits in the Northern District alleging copyright violations using the bittorrent protocol concerning the movie involved in this case. From the styles of those case, they lump 3,725 defendants together for a loss of fees of $1,303,050. That is a total of nearly $2.4 million in lost fee revenue from just this one movie. The Court in *In re: Cases Filed by Recording Companies* also noted that improper joinder results in a case with multiple defendants being treated as a closing of a single case for statistical purposes. *Id.*

**The test for joinder.** With regard to joinder of claims, the Federal Rules of Civil Procedure provide that multiple parties:

> may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. FED. R. CIV. P. 20.

Rule 21 allows the court to sua sponte drop a party or sever any claim against a party. *See* FED. R. CIV. P. 21.

**Bittorrent.** Plaintiff has acknowledged in its opposition that joinder would not be proper except for the fact of the use of bittorrent protocol and its characterization of a swarm. The involvement of bittorrent technology does not provide a principled legal distinction from the cases that have held that allegations of infringement using peer to peer or file sharing transfers do not cause the claims against individual defendants for infringement access using that technology to be properly joined.

Joinder in Internet copyright cases can turn on whether there is an allegation that all the

defendants caused the same harm, not just the same type of harm. *See Arista Records LLC v. Does 1-11*, No. 1:07-CV-2828, 2008 U.S.Dist. LEXIS 90183, *19-20 (E.D.Ohio Nov, 3, 2008). With a fair reading of the Complaint and the proper understanding of bittorrent technology, there is no claim that all 3,120 Does caused the same harm. Moreover, even allegations of joint activity is insufficient to support joinder where they are wholly conclusory and lack facts to support an allegation of working in concert to violate a plaintiff's copyrights in a protected work. *IO Group, Inc. v. Does 1-19*, No. C 10-03851, 2010 U.S. Dist. LEXIS 133717, *8-11 (N.D. Cal. Dec. 7, 2010).

Exhibit 1 to Plaintiff's Complaint identifies 3,120 "Does" by a specific date and time for each Doe within and over a nine (9) day period. That is alleged to establish that there was a bittorrent "swarm" in which all "Does" were involved in infringement of the copyright of the movie. There are no two Does that have the same date and time. There are no allegations of facts in the Complaint that establish any other point in time that a defendant was alleged to have taken any other act, much less any factual support that a Doe with a date subsequent to that of other Does was involved in the other Doe's prior infringement.

That is an insufficient allegation upon which to establish joinder. Bittorrent technology is a P2P protocol. However, that the hash appears on a record, even if true, does not establish (1) a copyright infringement or (2) that there were more than two Does involved, if there was an infringement.

The hash identifying a file appears whether there is or was a successful download of the file or not. For instance, if the file involves Windows Media or Audio Video Interleave (AVI) it will have the index at the end of the file name. If the download of the entire file is not successfully

**DOE 2276'S REPLY TO PLAINTIFF'S OPPOSITION
TO DOE 2276'S OBJECTION/MOTION TO QUASH**                                                          -5-

completed for any reason (including hardware or software problems or operator decision), the index is not reached and nothing constituting an image recognizable by the human eye was ever on the screen, absent some steps that only those most highly sophisticated in the relevant technology would be aware of that might provide an image. The existence of the hash on the records for a particular Doe does not establish an infringement.

The appearance of the hash on 3,120 different occasions over a nine day period with each appearance relating to a different person does not indicate that there were ever more than two (2) people involved in sharing the file. A download or even multiple downloads using a bittorrent application does not establish the existence of a swarm involved in any download. In order for a person downloading the movie to be part of a swarm, there must be people who have previously downloaded the file using the bittorrent application who still have the file downloaded on their computer and have his or her computer turned on and have the bittorrent application open and set so that it shares files. The bittorrent application can be used to only download files at the option of the operator. Totally missing from the Complaint are non-conclusory statement of facts that establish that at some one point in time all 3,120 Does had their computers turned on with the bittorrent application open and set so that it shared the file with the identified hash.

At most, the initial download by a particular Doe only establishes that there was at least one other person involved at that time. Similarly, the downloads subsequent in time to that of a particular Doe do not require that Doe to have been in the swarm at the time of those subsequent downloads. Therefore, Plaintiff's arguments in attempting to distinguish this case from those cases cited by Doe 2276 in its Motion to Quash where improper joinder has been found in file sharing and

P2P cases fail.  Moreover, Plaintiff's Complaint fails to take this case outside the hldings and results in *IO Group, Inc. v. Does 1-19*, No. C 10-03851, 2010 U.S. Dist. LEXIS 133717, *8-11 (N.D. Cal. Dec. 7, 2010) and *Arista Records LLC v. Does 1-11*, No. 1:07-CV-2828, 2008 U.S.Dist. LEXIS 90183, *19-20 (E.D.Ohio Nov, 3, 2008).

V.  **Conclusion**.  Plaintiff's Opposition fails to raise any issue that would preclude the Court from acting under Rule 21 to rectify what is clearly an improper joinder.

    Respectfully submitted,

        The Law Office of Kent F. Brooks
        *Attorneys and Counselors*
        8117 Preston Road
        Suite 300
        (214) 706-9151 Telephone
        (214) 706-9152 Facsimile
        email: kfbrookslaw@hotmail.com
        By:___/s/ Kent F. Brooks_____
           KENT F. BROOKS
           State Bar No.  03070710